UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) | No.5:10-CR-72-KSF |
| | ) | No.5:11-CV-7181-KSF |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| RICHARD FORD, | ) | |
| Defendant/Movant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On August 2, 2011,[1] Richard Ford, III, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[2] DE #158 (Motion). Per Rule 4 of the Rules Governing Section 2255 Proceedings, the Court conducted its initial review of the Motion.

**I. BACKGROUND**

Richard Ford, III, pled guilty on November 18, 2011, to one count of distribution of five or more grams of a crack containing substance under 21 U.S.C. § 841(a)(1). DE #88. The Court entered judgment, including 120 months of imprisonment, on February 28, 2011. DE #137. On August 3, 2011, Ford simultaneously filed a Motion for Retroactive Application of Sentencing Guidelines, DE #156, and a Motion to hold that motion in abeyance, DE #157. Defendant filed a motion for relief under 28 U.S.C. § 2255 on August 2, 2011. DE #158.

Ford seeks § 2255 relief on two grounds: (1) re-sentencing under the Fair Sentencing Act of

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam). Here, Ford affirmed under penalty of perjury that he executed the Motion on August 2, 2011. DE #158 at 7.

[2] In his motion, Ford states that he went to trial on a firearm charge that is currently on appeal to the Sixth Circuit. No federal firearm charges appear in the above action.

2010, Pub. L. No. 111-220, 124 Stat. 2372, and (2) a downward variance based on post-offense rehabilitative behavior. DE #158. Neither of these grounds is enumerated in Section 2255, and neither affords Defendant a basis for relief.

Ford's first ground for relief invokes the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act lessens the discrepancies between crack and powder cocaine trafficking sentences and raises the levels for imposition of a mandatory minimum sentence. Ford was indicted for, and subsequently pled guilty to, distribution of five grams or more of cocaine. Under the Fair Sentencing Act, the 10-year minimum sentence is (assuming proof per § 851) only triggered by possession of 28 or more grams. 21 U.S.C. § 841(b)(1)(B)(iii). In his Memorandum of Law in Support of his § 2255 Motion, Ford admits to accepting responsibility for 22 grams. Exhibit #1, DE #158. Thus, Ford seeks re-sentencing under the terms of the sentencing scheme, as amended by the Fair Sentencing Act, to avoid the mandatory minimum sentence.

Fatal to Ford's claim for relief, however, is the Sixth Circuit's staunch ruling that the Fair Sentencing Act is not retroactive. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010) ("The [Fair Sentencing Act of 2010] contains no express statement that it is retroactive nor can we infer any such express intent from its plain language."); *see also* United *States v. Greer*, 415 Fed. App'x 673, 677 (6th Cir. 2011) (affirming non-retroactivity). In sum, Ford's first enumerated ground does not provide a proper ground for habeas relief. The sentence imposed was lawful under the statute then in effect.

As his second ground for relief, Ford seeks a downward variance based on post-conviction rehabilitative behavior. This is not cognizable under § 2255, which has limited scope:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

> without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255. Ford's Memorandum of Law in Support of his § 2255 Motion describes his "honest decision to turn his life around" and pursue an associate's degree. Exhibit 1, DE #158. While Defendant's post-conviction conduct is admirable, it is not a basis for § 2255 relief. The claim does not allege a prior unlawful sentence and thus is outside the ambit of § 2255.

Under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, the Court thus **FINDS** that "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Specifically, Ford fails to state any ground upon which habeas relief may be awarded. For this reason, the Court **RECOMMENDS SUMMARY DISMISSAL** of Defendant/Movant's section 2255 motion **WITH PREJUDICE** to future resubmission.

## II. CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a certificate of appealability should issue,

the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S. Ct. at 1604.

The instant decision presents no issue of reasonable debate per the applicable standards. Ford presented a wholly deficient motion upon which the Court plainly cannot afford relief. Thus, no basis exists for issuance of a certificate of appealability.

### III. RECOMMENDATION

For these reasons, the Court **RECOMMENDS** that the District Judge enter **SUMMARY DISMISSAL** of Defendant's motion under Rule 4 **WITH PREJUDICE**. The District Court should **DENY** a certificate of appealability.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 30th day of August, 2011.

Signed By:
*Robert E. Wier* REW
**United States Magistrate Judge**