UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 10-72-KSF
(CIVIL ACTION NO. 11-7181-KSF)

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.                                    **OPINION & ORDER**

RICHARD FORD                                                                    DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the Motion of the Defendant, Richard Ford, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct a sentence. [DE #158]. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration. After reviewing *de novo* the Magistrate Judge's Recommended Disposition [DE #162] and Defendant's Objections thereto [DE #165], this Court ADOPTS and INCORPORATES the decision of the Magistrate Judge as the opinion of the Court and DENIES the motion to vacate.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement with the United States, on November 18, 2010, Defendant pled guilty to one count of distribution of five or more grams of a substance containing crack in violation of 21 U.S.C. § 841(a)(1)(Count Three of the Indictment). [DE #88]. As alleged in the Indictment, the conduct to which Defendant pled guilty occurred on or about February 4, 2009. Pursuant to 21 U.S.C. § 851, the United States filed notice regarding Defendant's prior felony drug conviction, thereby subjecting him to a statutory mandatory sentence of ten years imprisonment as to Count Three of the Indictment, pursuant to the enhanced penalties of 21 U.S.C. § 841(b)(1). [DE #56]. On

February 28, 2011, Defendant was sentenced to 120 months imprisonment as to Count Three of the Indictment. [DE #138].

On August 3, 2011, Defendant simultaneously filed a motion to modify/reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) [DE #156] and a Motion to hold his § 3582 motion in abeyance. [DE #157]. Defendant also filed the instant § 2255 motion to correct his sentence. [DE #158]. Although the issues raised in Defendant's § 3582 motion are identical to those raised in his § 2255 motion, for clarity's sake, Defendant's § 3582 motion and the related motion to hold his § 3582 motion in abeyance will be addressed in a separate order.

Defendant's § 2255 motion argues that he is entitled to relief on two grounds: (1) he should receive the benefit of the changes made to the crack cocaine quantities necessary to trigger the mandatory minimums contained in 21 U.S.C. § 841(b)(1) by the Fair Sentencing Act of 2010 (the "FSA"), which became effective on August 3, 2010; and (2) he should receive a downward variance pursuant to 18 U.S.C. § 3553(a) based on his post-offense rehabilitative behavior.

## II.   MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Reviewing the record and the applicable law, the Magistrate Judge concluded that neither of the grounds set forth by Defendant is enumerated by § 2255, and neither affords Defendant a basis for relief. With respect to Defendant's reliance on the FSA, the FSA increased the drug quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b). Prior to August 3, 2010, the effective date of the FSA, the amount of cocaine necessary to bring the statutory mandatory minimum sentences into play was based on a 100:1 ratio of crack vs. powder cocaine. For crack cocaine, the FSA increased the amount required to trigger 21 U.S.C. § 841(b)(1)'s mandatory 10-year sentence from 5 to 28 grams. Thus, as Defendant pled guilty to distribution of less than 28

grams, under the FSA, he would no longer be subject to a mandatory minimum sentence of 10 years of imprisonment. However, as noted by the Magistrate Judge, fatal to Defendant's argument is the Sixth Circuit's holding in *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010) that the FSA is not retroactive, as the FSA neither contains an express statement that it is retroactive, nor can any such express intent be inferred from its plain language. Accordingly, the Magistrate Judge concluded that the FSA does not provide Defendant a proper ground for habeas relief.

With respect to Defendant's request for a downward variance based on post-offense rehabilitative behavior, the Magistrate Judge concluded that such a request is not cognizable under § 2255. The Magistrate Judge noted the limited scope of § 2255, which provides relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. While the Magistrate Judge noted that Defendant's post-offense efforts to "turn his life around" and pursue an associate's degree are admirable, such efforts do not provide a basis for § 2255 relief. Because Defendant does not allege a prior unlawful sentence, the Magistrate Judge found that his motion is outside the ambit of § 2255 relief.

For all of these reasons, the Magistrate Judge recommended that Defendant's § 2255 motion be dismissed with prejudice and that a certificate of appealability should not issue.

### III. ANALYSIS

Defendant filed objections to the Magistrate Judge's Recommended Disposition on September 12, 2011. [DE #165]. This Court must make a *de novo* determination of those portions of the Magistrate Judge's Recommended Disposition to which objection is made. 28 U.S.C. §

636(b)(1)(c). Here, the Court agrees with the Magistrate Judge that the FSA is not retroactive and, therefore, does not provide Defendant a proper ground for habeas relief. The Court also agrees that Defendant's request for a downward variance based on post-offense rehabilitative behavior is not cognizable under § 2255. Thus, for the reasons set forth more fully by the Magistrate Judge in his Recommended Disposition, Defendant's § 2255 motion must fail.

Moreover, Defendant's objections to the Magistrate Judge's Recommended Disposition are unavailing. In his objections, Defendant first addresses the Magistrate Judge's conclusion that the FSA is not retroactive. Defendant states that, although he does not argue that the FSA is not retroactive under the law, on June 23, 2011, a bill was introduced in the House of Representatives (H.R. 2316) that, if passed, will make clear Congress' intention that the FSA should be retroactive. However, because H.R. 2316 is just a bill, it is not yet a binding law and, therefore, it does not provide Defendant with any relief.

Next, Defendant addresses the Magistrate Judge's finding that Defendant's post-offense rehabilitative behavior is not grounds for relief under § 2255. Defendant first argues that the Magistrate Judge misunderstood his claim. According to Defendant, the Magistrate Judge focused on Defendant's post-*conviction* rehabilitative behavior, rather than Defendant's post-*offense* rehabilitative behavior. However, neither post-offense nor post-conviction rehabilitative behavior are grounds for relief under the limited scope of § 2255. Defendant also states that he only raises the post-offense rehabilitative behavior issue so that, if and when H.R. 2316 is passed, the Court may consider this behavior at his re-sentencing. However, as noted above, because H.R. 2316 is not a law, it does not entitle Defendant to any relief, including a re-sentencing. Although this Court agrees
4

with the Magistrate Judge that Defendant's post-offense rehabilitative behavior is commendable, it does not entitle Defendant to relief under § 2255. Thus, Defendant's objections are without merit.

For all of these reasons, the Magistrate Judge's proposed findings of fact and recommendation will be adopted as and for the opinion of this Court.

In determining whether a certificate of appealability should issue as to Defendant's claim, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. The Court determines that Defendant has not presented a close call or one which is "debatable" and, therefore, a certificate of appealability will not issue.

After having considered Defendant's objections, which the Court finds to be without merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Recommended Disposition. Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1)  the Magistrate Judge's Recommended Disposition [DE #162] is ADOPTED as and for the opinion of the Court;

(2)  the Defendant's objections to the Magistrate Judge's Recommended Disposition [DE #165] are OVERRULED;

(3)  the Defendant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence [DE #158] is DISMISSED WITH PREJUDICE;

5

(4) judgment will be entered contemporaneously with this opinion and order in favor of the United States; and

(7) that this is a final Order and, pursuant to 28 U.S.C. § 2253(c), the Court finds that the Defendant has not made a substantial showing of the denial of a constitutional right and thus no certificate of appealability shall issue.

This November 9, 2011.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge