```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON


UNITED STATES OF AMERICA,      )
                               )
     Plaintiff,                )         Case No.
                               )         5:10-cr-72-JMH-4
v.                             )
                               )
RICHARD FORD, III,             )         MEMORANDUM OPINION
                               )             AND ORDER
     Defendant.                )
```

                       **   **   **   **   **

This matter comes before the Court on Defendant Richard Ford, III's Motion Seeking Relief Pursuant to the First Step Act [DE 303]. Under § 404 of the First Step Act, defendants seeking a reduced sentence are not entitled to a plenary resentencing hearing. *United States v. Foreman*, 958 F.3d 506, 511-14(6th Cir. 2020). Nevertheless, while district courts have wide discretion to consider all relevant factors and to determine the most appropriate process, the resentencing decision must ultimately be "procedurally reasonable and supported by a sufficiently compelling justification." *United States v. Boulding*, 960 F.3d 774, 784 (6th Cir. 2020). At a minimum, part of the process includes "an accurate calculation of the amended guidelines range at the time of resentencing, [] thorough renewed consideration of the § 3553(a) factors . . . [and] an opportunity to present objections." *Id.*

The Court directed the United State Probation Office ("USPO") to provide an analysis on the impact that the First Step Act has on Defendant's sentence and has received the USPO's analysis, which the Court will direct the Clerk of Court to file in the record. The United States has also filed a Response [DE 307] on the appropriateness of a reduction, and Defendant has filed a Reply [DE 309]. Accordingly, this matter is fully briefed and ripe for review.

First, the Court must review the USPO's analysis, which found that under the First Step Act, Defendant may be eligible for a sentence reduction, and his original offense level of 21 with an advisory guideline range of 77 to 96 months should be recalculated to an amended offense level of 19 with an advisory guideline range of 63 to 78 months. The Court will now consider whether, in its discretion, Defendant is entitled to a sentence reduction under the First Step Act.

"Under section 404(b) of the First Step Act, a defendant who committed a 'covered offense' may move to have a district court 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.'" *United States v. Foreman*, No. 19-1827, 2020 WL 2204261, at *3 (6th Cir. May 7, 2020). "A district court, however, is not 'require[d] . . . to reduce any sentence' pursuant to section 404(b)." *Id*. (quoting First Step Act § 404(c); §

404(b)). "Instead, the choice of whether to grant such relief to an otherwise eligible defendant is left to 'the district court's sound discretion.'" *Id.* (quoting *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019)).

In the present case, the Parties do not dispute that Defendant committed a covered offense. To completely review the merits of Defendant's Motion [DE 303], the Court must recalculate Defendant's advisory guideline range and consider "both the factors in [18 U.S.C.] § 3553 [and] Congress's significant decision to allow prisoners to retroactively benefit from the Fair Sentencing Act." *United States v. Maxwell*, 800 F. App'x. 373, 378 (6th Cir. 2020); *see also United States v. Foreman*, 2020 WL 2204261, at *6 (quoting *United States v. Allen*, 956 F.3d 355, 357 (6th Cir. 2020) ("Without mandating any particular set of procedures, *Allen* specifically found that the First Step Act authorizes a district court to consider the full range of § 3553(a) factors, including a defendant's applicable Guidelines range and 'other relevant information about the defendant's history and conduct.'")).

In *United States v. Foreman*, the Sixth Circuit found the following:

> Under section 404(b) and (c) of the First Step Act, a district court is authorized to do two things with respect to a defendant's covered offense: (1) determine the statutory and Guidelines ranges "as if sections 2 and 3 of the Fair Sentencing Act were in effect at the

3

> time the covered offense was committed," and (2) exercise its discretion to impose a new sentence somewhere between the revised statutory minimum and the existing sentence.

2020 WL 2204261, at *6.

Here, as previously mentioned, the current advisory guideline range for the original offense is 63 to 78 months. However, Defendant is no longer serving his sentence for his original offense, as he previously completed that sentence. Instead, Defendant is serving a 2017 sentence for violating his conditions of supervised release. Regarding the sentence for his original offense, Defendant is ineligible for relief under the First Step Act because he was previously resentenced under the Fair Sentencing Act. *See* First Step Act Of 2018, PL 115-391 § 404, December 21, 2018, 132 Stat 5194; [DE 243]. Therefore, the Court will deny Defendant's request that his sentence for the original offense be reduced pursuant to the First Step Act and turn to the question of whether Defendant is both eligible and entitled to a sentence reduction for his supervised release violation.

In *United States v. Woods*, the Court of Appeals for the Sixth Circuit found that since a defendant's supervised release violation sentence was "part of the penalty for the original offense," the sentence imposed for violating the conditions of supervised release may also be reduced under the First Step Act. 949 F.3d 934, 937 (6th Cir. 2020).

4

Here, the USPO analysis shows, and the United States agrees, [DE 307, at 4 (citing U.S.S.G. § 7B1.4)], that Defendant's supervised release violation sentence is eligible for relief under the First Step Act and asserts that pursuant to the First Step Act, Defendant's guidelines for his supervised release violation have decreased from a range of 51-63 months to 33-41 months. Since Defendant is currently serving a 51-month sentence, he is eligible for a reduction of between 10 and 18 months. However, Defendant being eligible for relief under the First Step Act does not necessarily mean he is entitled to resentencing. *Woods*, 949 F.3d at 937.

To determine whether Defendant should receive a reduced sentence, the Court will consider the factors set forth in 18 U.S.C. § 3553(a), which are as follows:

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed--
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> **(B)** to afford adequate deterrence to criminal conduct;
> **(C)** to protect the public from further crimes of the defendant; and
> **(D)** to provide the defendant with needed educational or vocational training, medical care,

5

or other correctional treatment in the most effective manner;

**(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established for--

    **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

        **(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        **(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

    **(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

**(5)** any pertinent policy statement--

    **(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    **(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the offense.

6

18 U.S.C. § 3553(a). In addition to the factors found in § 3553(a), the Court may consider postsentencing rehabilitation. *See Pepper v. United States*, 562 U.S. 476, 504-05 (2011) (finding "evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors" and holding "[d]istrict courts post-*Booker* may consider evidence of a defendant's postsentencing rehabilitation at resentencing and such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range").

Here, while Defendant's supervised release violation stemmed from his original offense involving crack cocaine, and the First Step Act seeks to correct sentencing disparities between crack and cocaine, his present sentence has less to do with his sentence for possessing crack cocaine and more to do with his disconcerting inability to abide by his supervised release conditions following his original term of imprisonment. Specifically, in 2017, Defendant's supervision was revoked in this case when he received a federal indictment in a separate case, 5:17-cr-3-JMH-1, DE 1, for being a felon in possession of a firearm and allegedly possessing marijuana with the intent to distribute it. [DE 299; DE 300]. Defendant agreed to plead guilty to being a felon in possession of a firearm and the marijuana charge was dismissed at his sentencing. 5:17-cr-3-JMH-1, DE 41; DE 43; DE 44. Defendant's 51-month sentence for the supervised release violation in this

7

case was imposed consecutively with a 95-month sentence for his felon in possession of a firearm charge in 5:17-cr-3-JMH-1, DE 44, resulting in a total term of 146 months imprisonment. [DE 300]. According to the Bureau of Prisons ("BOP"), Defendant has received the following three disciplinary infractions while serving his sentence: (1) use of alcohol/drugs on November 11, 2011; (2) possessing drugs/alcohol on September 4, 2017; and (3) mail abuse on July 12, 2020.

Defendant asserts, and the BOP confirms, that he has completed various courses to gain job skills for when he is released, including HVAC certification. [DE 309, at 2]. Moreover, Defendant expresses remorse for the harm he has caused to those close to him and insists he has made progress in rebuilding those relationships. *Id*. The Court recognizes the importance in criminal defendants reestablishing healthy relationships, especially with children and other family members, if the defendant hopes to be successfully rehabilitated following their term of imprisonment and applauds Defendant's efforts to do so. However, Defendant's relatively recent violations and infractions show there is still a need to protect the public. Nothing illustrates this need more than Defendant's supervised release violation involving his possession of a firearm.

Considering Defendant's efforts toward rehabilitation and the Court's concern with protecting the public, the Court will reduce

Defendant's supervised release violation sentence from 51 months to 41 months. While Defendant was originally sentenced at the bottom of the guidelines, and the 41-month sentence is at the top of the amended guidelines, the Court does not find that a sentence at the bottom of the amended guidelines would properly reflect the seriousness of either Defendant's original offense or his supervised release violation. At the time that the Court originally sentenced Defendant, the Court found the 51-month supervised release violation sentence was sufficient but not greater than necessary to promote respect for the law and provide just punishment for the serious offense of Defendant being a felon in possession of a firearm. If the Court were presented with the current guideline range of 33 to 41 months, it would not have found the bottom of the guideline range to be so sufficient. The Court compels Defendant to respect this 10-month reduction in his sentence by continuing his efforts toward rehabilitation and refraining from committing further infractions while imprisoned. Having considered the matter fully, and being otherwise sufficiently advised,

    **IT IS ORDERED** as follows:

    (1) Defendant Richard Ford, III's Motion Seeking Relief Pursuant to the First Step Act [DE 303] is **GRANTED IN PART**, insofar as it pertains to his supervised release violation sentence, and **DENIED IN PART**, insofar as it pertains to his original sentence;

9

(2) Defendant's supervised release violation sentence is **REDUCED** to **41 months imprisonment**;

(3) The United States Probation Office **SHALL** prepare an amended judgment consistent with this order; and

(4) The Clerk of Court is directed to file the United States Probation Office's analysis in the record.

This 29th day of October, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge